UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BLAKE JEFFREY JOHNSON,<br><br>    Petitioner,<br><br> vs.<br><br>W. O'DONNELL,<br><br>    Respondent. | 4:24-CV-04012-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

  Petitioner, Blake Jeffrey Johnson, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Johnson seeks a calculation of his future sentence credits under the First Step Act and claims that the respondent is not following the Bureau of Prisons' (BOP) policy set forth in BOP's Program Statement 5410.01. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and DSD LR 72.1.

  Respondent moves to dismiss Johnson's petition for lack of subject-matter jurisdiction and for failure to state a claim. Docket 7. Magistrate Judge Veronica Duffy entered a report and recommendation recommending Johnson's petition be dismissed because it does not state a claim upon which relief may be granted. Docket 12 at 12. Johnson objects to this report and recommendation. Docket 13, 14. For the following reasons, this court overrules Johnson's objections, adopts the Magistrate Judge's report and recommendation in full, and grants respondent's motion to dismiss.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Johnson objects to that portion of the Report and Recommendation that finds he has no liberty interest in being transferred to a residential reentry center or home confinement. Docket 13. Johnson filed his petition under 28 U.S.C. § 2241, which states that writs of habeas corpus may be granted to a prisoner held in federal custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Johnson has not identified a constitutional provision, statutory provision, or treaty that has been violated. His claim alleges that respondent violated a Bureau of Prisons policy. So, the issue before the court is whether violation of a policy is sufficient to constitute a violation of a law of the United States. Johnson cites no cases, and the court is not aware of any cases where the courts have equated violation of a prison policy with a statutory violation.

Furthermore, as the Magistrate Judge observed, even if this court were to read a procedural due process claim into Johnson's petition, the Eighth Circuit has stated "there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Thus, Johnson is not entitled to relied under the habeas statute.

## CONCLUSION

Because Johnson has not stated a claim upon which relief may be granted, the respondent's motion to dismiss is granted. The court adopts the Magistrate Judge's report and recommendation dismissing this matter in full and overrules Johnson's objections.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 7) is granted. Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.

2. That the Magistrate Judge's report and recommendation (Docket 12) is adopted in full.

3. That Johnson's objections (Docket 13, 14) are overruled.

Dated August 23, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE